In December 1992, the trial court divorced Karen Lowe (wife) and Harold Douglas Lowe (husband). The divorce judgment appeared to incorporate the terms of an agreement that the parties had reached at an ore tenus proceeding. In January 1993, the husband filed post-judgment motions alleging that the actual agreement of the parties conflicted with certain provisions of the agreement contained in the divorce judgment. He sought to have the divorce judgment set aside, requested a new trial, and requested a hearing. Although the wife objected to the husband's motion to set aside, she conceded to one inconsistency. A hearing was scheduled; however, the trial court ultimately denied the husband's motions without a hearing. Hence, this appeal. *Page 1041 
The dispositive issue on appeal is whether the trial court erred in denying the husband's post-judgment motion without a hearing.
Rule 59(g), A.R. Civ. P., requires that motions pursuant to Rule 59 "shall not be ruled upon until the parties have had opportunity to be heard thereon." Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found. Walls v. Bank ofPrattville, 554 So.2d 381 (Ala. 1989). See also Maples v.Maples, 599 So.2d 625 (Ala.Civ.App. 1992). As noted, the wife conceded to at least one conflict alleged by the husband. Additionally, we note that the wife's brief presents a copy of an order amending the divorce judgment that is not a part of the record on appeal. That order was apparently entered after the husband's motion was denied and his appeal was filed. Hence, that order is a nullity. Colburn v. Colburn,510 So.2d 266 (Ala.Civ.App. 1987).
Based upon the foregoing, the trial court's denial of the husband's motion without a hearing was contrary to Rule 59(g), A.R.Civ.P, and it must be set aside. The cause is remanded for proceedings in accordance with the Rules of Civil Procedure.
The wife's request for attorney fees on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.