In July 1998, Terrence A. Washington sued Miriam E. Washington for a divorce, alleging incompatibility and requesting a child-support order and a division of marital property. The wife answered and counterclaimed for a divorce, alleging adultery and requesting a division of property. The trial court divorced the parties, and among other things, awarded the wife custody of the parties' minor children, ordered the husband to pay child support, and allowed the husband to claim the children as dependents for income-tax purposes. The wife filed a post-judgment motion, which the trial court denied; the court held no hearing on the motion, although the wife had requested one.
The wife appealed. She argues that the trial court erred by: (1) allowing the husband to claim the children as dependents for income-tax purposes; and (2) denying her post-judgment motion without a hearing.
Rule 59(g), Ala.R.Civ.P., provides that post-judgment motions "shall not be ruled upon until the parties have had an opportunity to be heard thereon." A trial court must hold a hearing on a post-judgment motion if a party requests a hearing.Hill v. Hill, 681 So.2d 617 (Ala.Civ.App. 1996). The wife requested a hearing on her post-judgment motion. In that motion she argued that it was not equitable to allow the husband to claim the children as dependents although she was awarded custody of the children.
The trial court's denial of the post-judgment motion without holding a hearing is reversible error. The issue of the income-tax exemption was not raised during the trial. Also, the comments to Rule 32, Ala.R.Jud.Admin., state: "The Schedule of Basic Child Support Obligations assumes that the custodial parent will take the federal and state income tax exemptions for the children in his or her custody." This court has held that an order allowing the noncustodial parent to claim the income-tax exemption is a deviation from the child-support guidelines established by Rule 32 and that Rule 32(A)(ii) requires the trial court to state its reasons for that deviation. Flanagan v.Flanagan, 656 So.2d 1228 (Ala.Civ.App. 1995). The trial court gave no reasons for allowing the husband to claim the exemptions.
The judgment is reversed and the cause is remanded for a hearing on the wife's post-judgment motion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, Monroe, and Thompson, JJ., concur.
Robertson, P.J., concurs in the result.