The parties married in August 1993, and separated in November 1998, when the wife filed a complaint for a divorce. The wife requested that the trial court award her custody of the two minor children born of the marriage, one born in 1995 and the other in 1996.
The husband answered and counterclaimed, seeking custody of the minor children.
After conducting a hearing, the trial court issued an order, divorcing the parties and awarding joint custody of the minor *Page 513 
children, with the wife having physical custody, subject to reasonable visitation rights of the husband. The trial court ordered the husband to pay $424.88 per month in child support. The trial court also ordered that the paternal grandmother should continue to provide daycare services for the minor children, with the wife dropping off the minor children on her way to work and the husband transporting the children to either the wife's home or the maternal grandfather's home by 6:00 p.m. each day.
The husband filed a motion for a new trial or, in the alternative, a motion to alter, amend, or vacate the divorce judgment and he requested a hearing on the motion. The trial court denied the husband's motion, without a hearing. The husband appeals.
The husband contends that the trial court committed reversible error when it denied his postjudgment motion without a hearing. "Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found." Lowe v. Lowe, 631 So.2d 1040, 1041
(Ala.Civ.App. 1993). Although the husband requested a hearing on his postjudgment motion, the trial court denied his motion without a hearing. Because this is contrary to Rule 59(g), Ala.R.Civ.P., the denial must be set aside and the cause remanded for proceedings in accordance with the Alabama Rules of Civil Procedure. See Lowe, 631 So.2d 1040.
The husband also contends that the trial court committed reversible error when it calculated his child-support obligation without the wife's having filed a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form. We agree.
In Martin v. Martin, 637 So.2d 901, 902 (Ala.Civ.App. 1994), this court stated:
 "We hold, therefore, that the word `shall' in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form. In stipulated cases, however, the trial court may accept the filing of a Child Support Guideline Notice of Compliance Form. We further hold that stipulated cases, i.e., where the parties have agreed upon a child support amount in compliance with the guidelines, are the only exceptions to the requirement of filing a child support guideline form and income affidavit forms."
The husband filed a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form, but the mother did not. Thus, that part of the trial court's judgment regarding child support is reversed and the cause is remanded for compliance with Rule 32, Ala. R. Jud. Admin.
The husband also contends that the trial court deviated from the child-support guidelines without sufficient cause or justification. However, because we are reversing that portion of the judgment dealing with child support and remanding for compliance with Rule 32, Ala. R. Jud. Admin., we would caution the trial court to remember the following as it fashions the husband's child-support obligation:
 "We note that inherent in complying with Rule 32, Ala. R. Jud. Admin., is complying with Rule 32(A) (ii), if the facts support such a determination, i.e., that application of the guidelines, stating the criteria, would be manifestly unjust or inequitable. We further note that compliance with Rule 32(E), the filing of the forms, is mandatory even if the trial court found that application of the guidelines would be unjust or inequitable."
Martin, 637 So.2d at 903; (emphasis in original).
In light of the foregoing, we must reverse the trial court's judgment and remand for proceedings consistent with this opinion. We pretermit discussion of the husband's remaining issues. *Page 514 
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.