Sheila McLaughlin Stone ("the wife") appeals from a judgment of the trial court modifying the child-support obligation of her former husband, Kevin John McLaughlin ("the husband").
The wife and husband were divorced by a final judgment on October 9, 1992. That judgment incorporated the terms of an agreement entered into by the parties with reference to, among other things, custody of the three minor children born of the *Page 523 
marriage; visitation; and a division of marital property.
Between March 1993 and May 1998, the parties were repeatedly in court on a variety of petitions filed by each of them to enforce or to modify the divorce judgment and to have the husband held in contempt for failing to meet his support obligations.
On June 15, 1998, the wife filed this present action, seeking to modify the divorce judgment and seeking a contempt citation against the husband; she alleged that he was delinquent in paying his support obligations. The court scheduled a hearing on the wife's petition for August 17, 1998. This hearing did not take place, because the husband's attorney was ill and unable to attend. On August 26, 1998, without a hearing, the trial court entered an order on the wife's petition; that order, in part, increased the husband's biweekly child-support obligation to $348.88.
The wife filed a motion to schedule the matter for an immediate hearing; a hearing was set for October 21, 1998. Thereafter, the hearing was continued to December 11, 1998, because of scheduling problems encountered by the trial court.
A hearing was conducted on December 11, 1998. On January 6, 1999, the trial court entered a judgment in which it decreased the husband's child-support payments and entered a judgment for past-due medical expenses.
The wife filed a postjudgment motion pursuant to Rule 59, Ala.R.Civ.P., moving the court to reconsider its judgment or, in the alternative, to order a new trial; the wife did not request a hearing on this motion. The trial court denied this motion, without a hearing, on April 12, 1999.
The wife also contends on appeal that the trial court erred in making a child-support order that deviated from the child-support guidelines set forth in Rule 32, Ala. R. Jud. Admin., without making a written finding explaining why the application of the guidelines would be inequitable. The wife cites State ex rel. Dep't of Human Resources v. Hogg,689 So.2d 131 (Ala.Civ.App. 1996), and Martin v. Martin, 637 So.2d 901
(Ala.Civ.App. 1994), in support of her position.
Rule 32 provides that "a standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations and shall be of record and shall be deemed to be incorporated by reference in the court's child support order." Thus, the filing of standardized Child Support Obligation Income Statement/Affidavits is mandatory, pursuant to Rule 32(E). This court has stated that "[w]ithout the child support form and the income statement forms, it is difficult and sometimes impossible for an appellate court to determine from the record if the trial court did or not did not correctly apply the guidelines in establishing or modifying child support obligations." Martin, 637 So.2d at 902-03. Rule 32(A) establishes a presumption that the amount of child support determined by application of the guidelines is the proper amount of child support to be awarded. Cunningham v. Cunningham,641 So.2d 807 (Ala.Civ.App. 1994).
A CS-42 form was filed on August 19, 1998. That form reflects a monthly gross income of $1,840 for the husband and a monthly income of $204 for the wife. At the foot of the form, the trial court noted "[the husband's] gross income is based on his answers to interrogatories indicating his present income from self-employment to be $425/wk." The wife's income affidavit is included in the record; in it she avers that her sole monthly income is derived from a Social Security disability check in the amount of $208.[1] In her affidavit, the wife also avers that medical *Page 524 
insurance for the three children is being provided through the employer of her current husband at a cost of $202.78 per month. In the CS-42 form, the trial court found the parties' combined monthly income to be $2044. Pursuant to the Rule 32 guidelines, the court found the basic child-support obligation to be $632 per month and the cost of insurance for the children to be $203 per month, for a total child-support obligation of $835 per month. Comparing the incomes of the parties, the trial court directed the husband to pay 90% of the total child-support obligation, or $751.50. The trial court entered an order on August 26, 1998, in which it incorporated the child-support obligation it had calculated in the August 19, 1998, CS-42 form. The order read as follows:
 "Based upon Answers to Interrogatories by [husband] and Affidavit of [wife], both relative to their respective present incomes and medical insurance costs, pursuant to the applicable child support guidelines, [wife] shall have and recover from [husband] the sum of $346.88, payable biweekly on every other Friday, commencing on Friday, August 21, 1998; again, said payments shall be made through the office of the Clerk of this Court."
In its order, the trial court reserved the issues of visitation and the parties' right to claim the income-tax exemption for the children.
Following the hearing on December 11, 1998, the trial court entered its final judgment on January 6, 1999. In its judgment, the trial court, among other things, reduced the husband's biweekly child-support obligation from $274[2] to $200.
Upon review of the transcript of the hearing conducted on December 11, 1998, we note that the husband testified that he had left his former position to become self-employed and was making a lower income as a result of this change. It appears that the trial court may have relied upon this testimony in recalculating the child-support obligation of the husband in its final judgment. However, the trial court failed to obtain revised income affidavits from both parties and failed to file a revised CS-42 child-support form in compliance with Rule 32(E), Ala. R. Jud. Admin.
We also find, based on the August 19, 1998, CS-42 form that is included in the record, that the trial court, in the portion of its final order pertaining to child support, deviated from the guidelines set forth in Rule 32, Ala. R. Jud. Admin., and failed to expressly provide the reason for the deviation. Rule 32(A)(ii), Ala. R. Jud. Admin., requires the trial court to state its reasons when it makes a determination that the application of the child-support guidelines would be unjust. See also Nelson v.Landis, 709 So.2d 1299 (Ala.Civ.App. 1998).
The wife also contends that the trial court erred in refusing to award her the income-tax exemption for the couple's oldest child. The comments to Rule 32, Ala. R. Jud. Admin., state:
 "The Schedule of Basic Child Support Obligations assumes that the custodial parent will take the federal and state income tax exemptions for the children in his or her custody."
This court has determined that a judgment allowing a noncustodial parent to claim a child's income-tax exemption is a deviation from the Rule 32 guidelines requiring a Rule 32(A)(ii) explanation for that deviation. Washington v. Washington, 738 So.2d 1283
(Ala.Civ.App. 1999); Flanagan v. Flanagan, 656 So.2d 1228
(Ala.Civ.App. 1995). The trial court's judgment failed to *Page 525 
explain its rationale for authorizing the husband to claim the tax exemptions.
Based on the foregoing, the trial court's judgment is reversed. This case is remanded for the trial court to enter a child-support order in compliance with Rule 32(E), Ala. R. Jud. Admin., based on completed and executed CS-41 income affidavits and on CS-42 standardized Child Support Guidelines forms that are filed in the record.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] The record indicates no reason for the minor discrepancy in the income figure the wife listed in her affidavit and the figure the trial court listed to represent the wife's income in the CS-42 form filed by the trial court.
[2] The husband testified that his "base child support" was $137 per week, which is equivalent to $274 biweekly, but this testimony is not supported by the orders contained in the record. The trial court's order of August 26, 1998, which is the child-support order that immediately precedes this judgment, directed that the husband pay biweekly child support in the amount of $346.88, pursuant to child-support guidelines.