YATES, Presiding Judge.
This is a child-support-modification case.
The parties were divorced in 1994. One child had been born of the marriage, and the mother was granted custody of that child, with the father to have visitation rights. The father was ordered to pay $463 per month in child support. In May 1997, the court modified the order, raising the child support to $525 per month and awarding the mother $2,606 for a child-support arrearage and $1,788 in attorney fees. At the time the child-support award was increased, the father was earning $31,748 a year. The court also ordered *1198 that he attend a drug-and-alcohol-abuse program. The court further ordered that after completion of the program the father was to have a valid driver’s license in order to transport the child.
On December 22, 1999, the father filed a petition for modification, seeking a reduction in his child-support obligation. On January 31, 2000, the mother filed an answer and a counterclaim, which alleged that the father was in arrears. The father amended his petition to include a request for retroactive application of his anticipated reduction in child support. He also asked that the court remove the restrictions regarding supervision of his visitation.
Following a hearing, the trial court entered a final order on July 11, 2000:
“1. Petitioner is in contempt of the previous orders of this Court for willful failure and refusal to pay child support to the respondent in July 1998, August 1998, March 1999, April 1999, June 1999, September 1999, October 1999, November 1999, and December 1999. Petitioner is hereby sentenced to serve a term of forty-five (45) days in the Madison County Jail for his said contempt. The sentence is suspended, and petitioner is placed on unsupervised probation for a period of four (4) years from the date of this Order, conditioned upon petitioner’s paying to the respondent the sum of $8,622.91, in addition to current child support, said sum being principal and statutory interest of child support in default and previously awarded attorney fees in default as of the date of trial, March 13, 2000. Payment shall be made in forty-eight (48) monthly installments of $179.64 each, the first such installment to be paid on or before the first day of the first month next following the month in which this Final Order is entered, and subsequent payments on or before the first day of each subsequent month until paid in full, through the office of the Clerk/Register of this Court, Room 200, Madison County Courthouse, 100 North Side Square, Huntsville, Alabama 35801.
“2. Respondent shall have and recover of the petitioner a judgment in the sum of $8,622.91 for child support in default, previously awarded attorney fees in default, and statutory interest, for which execution may issue.
“3. Respondent shall have and recover of the petitioner the sum of $1,522.50 as a reasonable attorney fee for representation in the instant action.
“4. The claims of the petitioner for relief are denied. The Court is not persuaded by a preponderance of the evidence that there has been a material change in circumstances since entry of the last order fixing the amount of child support which would justify a reduction in that amount. Moreover, the restrictions on visitation in the Court’s previous order of May 29, 1997, sought to be modified by the petitioner in this action, would appear to have expired by the terms of that previous order.”
On August 9, 2000, the father filed a motion to alter, amend, or vacate the judgment. In his motion, the father requested a hearing. The trial court did not hold a hearing, and the motion was deemed denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P. The father appeals.
The father argues that the trial court committed reversible error in failing to hold hearing on the Rule 59 motion. We agree.
Rule 59(g) provides that post-judgment motions “shall not be ruled upon until the parties have had opportunity to be heard thereon.” “ ‘Denial of a Rule 59 motion without a hearing is reversible er *1199 ror if the movant requested a hearing and harmful error is found.’ ” Long v. Long, 752 So.2d 512, 513 (Ala.Civ.App.1999), quoting Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala.Civ.App.1993). This principle applies to requests for hearings on Rule 59 motions that are subsequently denied by operation of law under Rule 59.1. Palmer v. Hall, 680 So.2d 307 (Ala.Civ.App.1996).
The question is whether there was probable merit to the father’s Rule 59 motion. We hold that there was, based on the trial judge’s failure to state why she deviated from the “Child Support Guidelines” set forth in Rule 32, Ala. R. Jud. Admin., without making a written finding explaining why application of the guidelines would be inequitable. The evidence before the court in the CS^42 form indicates that the father’s child-support obligation should be $309.09. The trial court kept the support obligation at $524, which was determined when the his income was $31,748. The father testified that he had started his own business in 1998 and that his income for that year was $20,084. In 1999, his total income was $16,268.34. He was unsure of his income for 2000, but he believed that his income was “picking up.” It may well be that, based on the evidence, a deviation from the guidelines is warranted because of imputed income from the father’s last job and because of his past contempt. However, Rule 32(A)(ii), Ala. R. Jud. Admin., requires that the trial court state its reasons when it makes a determination that the application of the child-support guidelines would be unjust. Stone v. McLaughlin, 752 So.2d 522 (Ala.Civ.App.1999).
Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. We pretermit discussion of the husband’s remaining issues.
Each party’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
CRAWLEY, J., concurs in the result.