MURDOCK, Judge,
concurring in part and concurring in the result in part.
I concur in the affirmance of the trial court’s judgment as to the division of marital property and in the reversal of that judgment as to the father’s future child-support obligation. However, I concur only in the result to reverse the trial court’s judgment concerning the father’s child-support arrearage.
The father’s petition for a reduction in his child-support obligation was filed in March 1999. At trial in September 2000, the father presented evidence that he had been laid off from work and that he had been unable to work because of an injury. It appears that the arrearage the father was ordered to pay in the trial court’s November 2000 judgment was based upon the same $345-per month child-support obligation the majority is directing the trial court to reexamine on remand. I believe that the reexamination of that monthly payment amount should also extend to whether that amount should be used as the basis for calculating any arrearage that may have accrued between March 1999, when the father filed his petition to modify child support, and the trial court’s November 2000 judgment.
*380 With respect to the foregoing, I also note that any deviation from the child-support guidelines should be supported in a finding by the trial court. Stone v. McLaughlin, 752 So.2d 522 (Ala.Civ.App.1999). Likewise, I believe that any imputation of income to the father by the trial court on the basis of voluntary unemployment or underemployment should be addressed in a finding so as to enable this court to adequately review the trial court’s judgment. See Gautney v. Raymond, 709 So.2d 1279 (Ala.Civ.App.1998) (citing Rule 82(B)(5), Ala. R. Jud. Admin., and State ex rel. Dunnavant v. Dunnavant, 668 So.2d 851 (Ala.Civ.App.1995)).