Richard O. Campbell and Doris Goodwin Campbell were married in 1965, and had two daughters. In August 1985, the mother filed a complaint for divorce in the Mobile Circuit Court; in that complaint, she sought, among other things, custody of both children and child support. The trial court entered a judgment in November 1985 that incorporated an agreement of the parties. Under the agreement, among other things, the mother would have custody of both children and the father would pay child support and alimony. The trial court's judgment as to child support provided that the father would pay the mother "the sum of $450 per month as child support payments so long as the minor children born of the marriage are enrolled in college" and that the father's support obligation would "continue for a period of 4 years from the date the youngest child graduates from High School."[1]
In March 1988, the mother filed a petition in the trial court alleging, among other things, that the father was in arrears in paying his child-support obligation, and requesting that an arrearage judgment in her favor be entered. In his answer to the mother's complaint, the father admitted the child-support arrearage, but alleged that his employment had been terminated; he moved for a downward modification of his child-support obligation. In June 1988, the trial court found the father to be in contempt for having failed to comply with its earlier judgment, and awarded the mother a judgment in her favor for $5,500, representing past-due child support. However, in September 1988, the trial court entered a judgment granting the father's child-support modification request. In its judgment, the trial court stated that "child support is reduced to the sum of $300.00 per month for the two minor children commencing October 1, 1988."
In February 1989, the mother filed a contempt petition, alleging that the father's child-support payments were again in arrears. The father moved for a further modification of his child-support obligation and for the termination of child-support payments with respect to his oldest daughter, asserting, among other grounds, that she had "attained the age of 22 [years] in November, 1988, and [was] therefore an eman[c]ipated child under the law of the State of Alabama." The father further sought a credit for "any payments made directly to the minor children or payments for their benefit." After an ore tenus proceeding (the transcript of which does not appear in the record), the trial court entered a judgment in April 1989 finding the father to be $3,436.80 in arrears and awarding the mother a judgment in that amount; the trial court further directed the father to pay future child-support payments of $300 per month through the clerk of the trial court. The father filed a Rule 59, Ala.R.Civ.P., motion alleging that the April 1989 judgment was in error in failing to modify child-support payments based upon the age of the parties' children and in failing to afford the father credit for payments made "on behalf of" the children. That motion was denied, and no appeal was taken to this court from that judgment.
In August 2000, the mother, appearing pro se, sent a letter to the trial court requesting the "assistance of the court" in collecting, among other things, child support and alimony that she claimed was owed by the father. The letter alleged *Page 113 
that the father owed $3,436 in missed child-support payments through April 1989 (the date of the trial court's most recent arrearage judgment) and that "including 12 per cent annual interest," the father owed $11,952 with respect to that period. The mother also alleged that the father had failed to pay $2,080 in alimony from May 1989 through December 1989 and $14,400 in child support from July 1989 through May 1993, and that, when interest was added to those amounts the father owed $6,460 and $31,833 respectively. The mother's letter indicated that her interest calculations concerning the alimony and the child-support arrearage accruing through April 1989 included 10 years of compound interest, but that the interest she claimed was due as to the child-support arrearage accruing from July 1989 through May 1993 was simple interest. The father's December 5, 2000, response to the mother's letter claimed that he was entitled to a set-off; he claimed to be entitled to a set-off because, among other things, he had "paid substantial sums" and had not received credit for those sums, and that the April 1989 judgment had negated his duty to pay child support to the mother beyond the age of majority of the children. The father attached an affidavit executed by the oldest daughter containing various statements regarding payments made by the father directly to her after her high-school graduation in 1985.
The trial court, after an ore tenus proceeding, entered a judgment construing the mother's letter as a motion and awarding the mother, among other things, the entire amount of alimony, child support, and interest she had requested in that letter/motion; in calculating the amount owed by the father, the trial court, in the judgment, included both the principal amounts and the amounts representing combined principal and interest claimed by the mother in the letter/motion — for a total judgment of $70,161. The father filed a Rule 59 motion in which he claimed, among other things, that the trial court had failed to give proper credit for payments made directly to the children; the father later amended that motion to allege that the mother was not entitled to compound interest for the child-support arrearage through April 1989. The father's motion was denied by operation of law, and he has appealed to this court.
The trial court's determination of a child-support arrearage is within that court's broad discretion. Carr v. Broyles, 652 So.2d 299, 303
(Ala.Civ.App. 1994). That discretion also extends to whether to grant or deny a credit toward a support arrearage. See Kuhn v. Kuhn, 706 So.2d 1275,1278 (Ala.Civ.App. 1997). This court will not reverse a trial court's determination of a child-support arrearage in the absence of a showing that the trial court plainly and palpably erred. Carr, 652 So.2d at 303.
The father contends that the trial court erred in failing to conclude that the arrearage that had been determined by the trial court in the April 1989 judgment had been satisfied by payments of sums to purge himself of contempt and by payments made directly to the children. He contends, in effect, that the trial court abused its discretion in failing to give him credits against the gross child-support arrearage on the basis that he had made certain payments directly to the children.
The record does not contain a transcript of the evidence presented at the hearing on the mother's August 2000 letter/motion. The statement of the evidence prepared and approved by the trial court pursuant to Rule 10(d), Ala.R.App.P., states that the father testified that he made "regular payments" of $200 per month directly to the children while they were in college, as *Page 114 
well as allowing them additional sums for expenses, and that he had given both children gifts of money at their college graduations and had paid portions of their wedding expenses. During trial, the father also directed the trial court's attention to the affidavit of his oldest daughter,[2]
in which she averred having received 1) $200 per month during college (which she started in 1985); 2) additional funds during college for "books, food, and emergencies"; 3) a graduation gift of $1,000; 4) $3,000 toward the cost of her wedding; and 5) a $1,500 payment after her marriage as a down payment on the house she and her husband purchased.
Much of the force of the father's argument in favor of his entitlement to a credit as to payments made on behalf of this daughter during her college study is blunted by the fact that the parties have already litigated the issue of the father's entitlement to credits for any payments he may have made directly to her through April 1989. The trial court's April 1989 judgment calculated the father's arrearage as $3,436.80 at that time, despite the father's request that payments made directly to the children be credited to his arrearage, and the trial court subsequently denied the father's postjudgment motion in which the father again sought a credit for payments made on behalf of the children. The father's contention that the trial court should have given him credit for payments he may have made directly to his daughter before that date (i.e., during the four years following her high-school graduation in the spring of 1985) amounts to an impermissible collateral attack upon the trial court's April 1989 judgment. See Moorer v. Moorer,487 So.2d 947, 947-48 (Ala.Civ.App. 1986) (affirming the denial of a petition for modification of a divorce judgment where the petitioner alleged that periodic alimony awards in the original divorce judgment were actually child support and where the petitioner did not appeal from the original divorce judgment); Patterson v. Patterson, 518 So.2d 739,742 (Ala.Civ.App. 1987) (holding that reconsideration of the correctness of property division was barred on appeal from the judgment enforcing that division).
Even with respect to payments the father may have made to his daughter after April 1989, however, we cannot conclude that the trial court was required, as a matter of law, to credit those payments to the father's arrearage. Paying expenses connected with an adult child's wedding, providing a partial down payment on a house for that child, and giving that child a college-graduation gift are not clearly categorizable as "essential to basic child support" so that we may reverse a trial court's conclusion that such payments are not properly credited against a child-support obligation. See Hillis v. Boggs, 646 So.2d 124, 126
(Ala.Civ.App. 1994); see also Anonymous v. Anonymous, 428 So.2d 109, 111
(Ala.Civ.App. 1983). The father was on notice after the trial court's April 1989 judgment that he was to make child-support payments of $300 each month to the mother through the trial court clerk's office, and his failure to comply with that direction was at his own peril.
The father also contends that because the trial court's September 1988 judgment referred to "minor children," his child-support obligation automatically *Page 115 
terminated when the parties' youngest child reached the age of 19 years, which he alleges occurred on August 15, 1989. However, as we have noted, the original divorce judgment entered in November 1985, the terms of which were agreed upon by the parties, specified that the father would pay child support to the mother "so long as the minor children born of the marriage are enrolled in college" (emphasis added) and "for a period of 4 years from the date the youngest child graduates from High School." While the trial court's September 1988 judgment reduced the father's monthly child-support obligation to $300, and again referred to the parties' "minor children," it did not expressly alter or set aside the provision regarding the duration of the father's duty to pay child support; neither did the April 1989 judgment address the time limit of the father's child-support obligation.
"A trial court possesses an inherent power over its own judgments that enables it to interpret, implement, or enforce those judgments." Graysonv. Grayson, 628 So.2d 918, 919 (Ala.Civ.App. 1993) (citations omitted). We cannot conclude that the trial court erred in interpreting the term of its 1985 judgment providing for the mother's receipt of child-support payments during the children's enrollment in college and until four years after the high-school graduation of the parties' youngest child as not having been abrogated by its September 1988 judgment or by its April 1989 judgment.
The father's remaining issues primarily concern the amount of the principal and interest awarded by the trial court. The following principal and interest calculations were set forth by the wife in her August 2000 letter/motion:
Category Principal Principal with Interest
Child support through 4/89 $ 3,436 $11,952
Child support 7/89 — 5/93 $14,400 $31,833
Alimony 5/89 — 12/89 $ 2,080 $ 6,460
Total $19,916 $50,245
In its judgment awarding the mother $70,161, the trial court combined the figures offered by the mother as "principal" amounts due with those offered as "principal and interest." In doing so, the trial court has, in effect, required the father to pay the mother twice for the same arrearage.
Moreover, the mother's "principal-and-interest" calculations with respect to the child support through April 1989 and for alimony that were presented in her letter/motion and adopted by the trial court verbatim are expressly based upon interest calculations that include the compounding of interest. While Alabama law does permit the assessment of 12 percent interest on unpaid judgments and does provide that unpaid alimony and child-support installments become final judgments on the date they are due to be paid,[3] it does not permit the assessment of compound
interest on judgments. Burlington N.R.R. v. Whitt, 611 So.2d 219, 223-24
(Ala. 1992). The mother, with commendable candor, has conceded that the judgment is due to be reversed so that simple, rather than compound, interest may be added to the proper principal amounts.
In light of the foregoing facts and authorities, we affirm the trial court's determination that the father is not entitled to *Page 116 
credit toward his child-support arrearage for payments he may have made to his daughters during the period he was required to pay monthly child support to the mother. We reverse the judgment, however, as to the amount of principal and interest awarded by the judgment, and we remand the cause for that court to recompute the correct amounts to which the mother is entitled, using simple interest.
The appellant's request for an award of an attorney's fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] Under Alabama law, "it has long been recognized that parties may agree between themselves to pay support beyond a child's minority, and . . . such agreements are enforceable." Jackson v. Nelson, 686 So.2d 338, 339
(Ala.Civ.App. 1996).
[2] It is unclear whether the affidavit was admitted into evidence. "As a general rule, an affidavit is hearsay and, therefore, is not admissible for the purpose of proving the truth of the matter stated in it." 2 Charles W. Gamble, McElroy's Alabama Evidence § 260.01 (5th ed. 1996).
[3] See Myrick v. Myrick, 714 So.2d 311, 315
(Ala.Civ.App. 1998) (alimony); Kuhn, 706 So.2d at 1278 (child support).