YATES, Presiding Judge.[1]
This is an appeal from a postdivorce order regarding the payment of postminority support for college education expenses. Reba Procise (“the mother”) and Larry Wayne Marler (“the father”) were divorced on November 25, 1986; the divorce judgment established the custody of, visitation rights as to, and support obligations for, the parties’ two daughters. Over the years, modifications to those provisions were made. In 1996, the mother filed a petition to modify, requesting, among other things, that the father pay college expenses for the parties’ older child. The father counter-petitioned to modify. The parties reached an agreement on all the issues raised in the petitions. They also reached an agreement as to college expenses for the second child. At the hearing on the agreement, the following discussion occurred:
“THE COURT: Okay. Anything else?
“[COUNSEL FOR THE FATHER]: And, Judge, for the child support my client has also agreed to continue to pay the [$275] a month to [R.M.] once she begins college as his contribution to her college.
“THE COURT: That’s the second child?
“[COUNSEL FOR THE FATHER]: The second child.
“THE COURT: So, the college education obligation for the second child with the same requirements from that child and that the contribution of the father shall be X dollars and the mother shall be responsible for the remainder?
“[COUNSEL FOR THE FATHER]: Yes, sir.”
*652 The trial court was to incorporate the terms of the agreement into the judgment. However, instead, the judgment contained the following statement: “[Responsibility of the parties to provide for the college education of the youngest child of the parties, [R.M.], is hereby reserved for review until the minor child attains the age of 19 years.”
On October 3, 2000, the father filed a request to terminate the income withholding for child support. The mother filed an “Objection to Termination of Child Support,” arguing that the father in 1996 had agreed to pay postminority support. On November 20, 2000, the father moved for a summary judgment, arguing that because R.M. had reached the age of majority without an order entered by the trial court regarding college education expenses, he was under no obligation to pay those expenses. On December 8, 2000, the trial court set the matter for a hearing on February 26, 2001. Also on December 8, 2000, the trial court entered an order terminating the existing income-withholding order on the father’s wages. On January 9, 2001, the trial court cancelled the upcoming summary-judgment hearing and entered the following order:
“Prior to the date of the hearing, the Former Wife was to have filed for college [expenses] for the younger child, if she deemed it necessary, within a specified period of time. This was not done.
“It is contemplated that the Former Husband will aid the youngest child toward her college career, especially taking into consideration the fact that the youngest child is in college at this time.
“It is hoped that both parents will work with this child to obtain the college degree desired, but from the standpoint of the law this Court has no authority to make either parent contribute.”
The mother filed a motion to alter, amend, or vacate the judgment; with her motion she filed an affidavit and exhibits. One of the exhibits was the transcription of the portion of the hearing held in November 1996 regarding the parties’ agreement. The mother also requested a hearing on her motion to alter, amend, or vacate the judgment. Following a status conference at which counsel for both parties were present, the trial court denied the mother’s motion without a hearing. The mother appeals.
Rule 59(g), Ala. R. Civ. P., provides that a posttrial motion “shall not be ruled upon until the parties have had an opportunity to be heard thereon.” “ ‘Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found.’ ” Long v. Long, 752 So.2d 512, 513 (Ala.Civ.App.1999), quoting Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala.Civ.App.1993). The question is whether there was probable merit to the mother’s Rule 59 motion. We hold that there was, based on the parties agreement, made in open court, regarding postminority support.
In Floyd v. Abercrombie, 816 So.2d 1051, 1054 (Ala.Civ.App.2001), this court stated:
“In Ex parte Bayliss, 550 So.2d 986 (Ala.1989), the Supreme Court of Alabama considered the issue whether a trial court has jurisdiction to require parents to provide postminority support for college education to children of a marriage terminated by divorce. The court held that because § 30-3-1 [Ala. Code 1975,] does not use the qualifier ‘minor’ to modify ‘children,’ trial courts have jurisdiction to assure ‘that the children of divorced parents, who are minors at the time of the divorce, are given the same right to a college education before and after they reach the age of 19 *653 years that they probably would have had if their parents had not divorced.’ Ex parte Bayliss, 550 So.2d at 995. In so holding, however, the Bayliss • court placed an important fundamental qualification on postminority-support jurisdiction:
“ ‘In a proceeding for dissolution of marriage or a modification of a divorce judgment, a trial court may award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage, when application is made therefore, as in the case at issue, before the child attains the age of majority’
“Ex parte Bayliss, 550 So.2d at 987.”
As this court noted in Floyd, the power of the trial court to award postminority support is contingent upon a parent’s applying for such support during the period of the child’s minority.
“However, it has long been recognized that parties may agree between themselves to pay support beyond a child’s minority, and that such agreements are enforceable. Despite the father’s assertion that [Ex parte] Bayliss[, 550 So.2d 986 (Ala.1989),] unconditionally requires the filing of a petition prior to the child’s majority, and, therefore, precluded the trial court from properly ordering post-minority support in this case, we see no logical reason for extending that rule to the situation in which a prior agreement between the parties is sought to be enforced. Nor do we believe that such an agreement, voluntarily entered into by the father, may be legally enforced only when filed with a court before the child’s majority.”
Jackson v. Nelson, 686 So.2d 338, 339 (Ala.Civ.App.1996) (citations omitted).
In Jackson, this court held that the failure to file a petition for postminority support during the child’s minority did not defeat a parent’s agreement to pay support beyond the child’s minority. In the present case, the mother did not file a petition for postminority support before the child turned 19. However, the record indicates that the parties agreed in 1996, at the hearing on the parties’ agreement as to the modification, that the father would pay $275 per month “to [R.M.] once she begins college as his contribution to her college.” Section 34-3-21, Ala.Code 1975, provides that “[a]n attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court.” See also Skipper v. Skipper, 628 So.2d 656 (Ala.Civ.App.1993)(the trial court did not abuse its discretion in enforcing the agreement as to custody and visitation made in open court).
In Campbell v. Campbell, 827 So.2d 111 (Ala.Civ.App.2002), this court held that the father’s child-support obligation did not automatically terminate when the parties’ youngest child reached the age of majority, where the original divorce judgment provided that the parties had agreed that the father would pay child support to the mother “ ‘so long as the minor children born of the marriage are enrolled in college’ ” and “ ‘for a period of 4 years from the date the youngest child graduates from High School.’ ” 827 So.2d at 112 (footnote omitted).
Accordingly, the judgment of the trial court is reversed, and the ease is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON and MURDOCK, JJ., concur.
*654 CRAWLEY, J., concurs in the result.
PITTMAN, J., dissents.

. This case was originally assigned to another judge on the Court of Civil Appeals. It was reassigned to Presiding Judge Yates on March 11, 2002.