On May 15, 2002, Joseph A. Hallum ("the husband") sued Jodi K. Hallum ("the *Page 1194 
wife") for a divorce, alleging an irretrievable breakdown of the marriage. He sought custody of the parties' three minor children and an equitable division of the marital property. On June 28, 2002, the wife answered and counterclaimed, contending that she should be awarded custody of the parties' children, child support, periodic alimony, and possession of the marital home. On August 20, 2002, based upon an agreement between the parties, the trial court ordered that the parties temporarily continue to reside in the marital home and share joint custody of the children. The husband agreed to pay the mortgage and the household expenses and to provide the wife $125 per week for groceries. The wife agreed to continue to use her salary for groceries and for the children's needs. The parties also agreed to sell a 1992 truck that the wife was driving and to purchase a passenger vehicle to accommodate the children.
An ore tenus proceeding was held on November 20, 2002, and a second hearing was held on April 9, 2003, wherein the wife's counsel communicated to the trial court an agreement the parties had reached. Specifically, the wife's counsel stated:
 "[W]e have fashioned an agreement whereby [the wife] will have custody of the four children,[1]
visitation will be the standard visitation that the court implies [sic]. We have also agreed that visitation will be very liberal. . . .
 "[The husband] is to be awarded the sole possession of the home, marital home, and he has agreed to pay to [the wife] one-half of the equity in the home, which we believe is the difference between $90,000 and $37,000. [The husband] has asked that he be allowed 60 months to pay off the equity. We have asked the court to consider 36 months to pay the equity. This is one of the things we would like the court to decide.
 "Also we have asked for, on the guidelines, to be credited with day care of $260 a month. [The husband] has proposed that if day care, if [the wife] goes out and gets day care for the children, takes a full time job, that he be charged with paying his percentage under [the] guidelines of the $260 a month. We are asking the court to decide that issue.
"The Court: Child care and equity.
 "[Wife's counsel]: And, how long [the husband] would have to pay the equity.
". . . .
 "The Court: That is what I was going to say. Basically, we've got two issues: —
"[Husband's Counsel]: Yes, sir.
"The Court: — Equity and child care.
"[Husband's counsel]: Yes, sir.
"The Court: And, the third collateral being how long.
". . . .
 "[Wife's Counsel]: Judge, I would like for the court to ask each of the parties if they are in agreement that this is their agreement and what they understand the court will rule on.
". . . .
 "The Court: All right. With that go ahead and make your submission, prepare those, get them to me, and I'll decide the last two issues.
 "[Wife's Counsel]: Judge, will you consult with the parties on the record that this is their agreement and that they understand?
 "The Court: Yes. I'm about to do that. Anything else as far as terms?
"[Wife's Counsel]: No, your honor. *Page 1195 
 "The Court: Ma'am, is this your agreement that you have heard the attorneys read in and modify somewhat?
"[The Wife]: Yes, sir.
"The Court: Is this your agreement as well?
"[The Husband]: Yes, sir."
On May 5, 2003, the trial court entered a final judgment divorcing the parties. Its judgment was based upon the above-mentioned agreement between the parties. The judgment also stated, in pertinent part:
 "6. The [husband] shall pay as child support the sum of $1,341.67 for sixty (60) months. Thereafter, the child support will be $957.96. . . . As each minor child reaches the age of nineteen, child support shall be reduced by one-third.
". . . .
 "8. The [husband] shall claim the minor children as dependents for income tax purposes on even numbered years and the [wife] shall claim the minor children as dependents for income tax purposes on odd numbered years.
". . . .
 "10. If either party wishes to move in excess of thirty (30) miles from Dadeville, then each party reserves the right for the court to review custody issues.
". . . .
 "12. The [husband] shall have sole possession of the marital residence and he will make all mortgage payments. . . .
". . . .
 "20. The [husband] is entitled to the entire amount of his retirement plan from his employment. The [wife] is hereby divested of any interest in said retirement."
The wife appeals. She contends that the trial court did not award her an equitable division of the parties' marital estate. Specifically, she alleges that the trial court erred in failing to award, or reserving the right to award, periodic alimony; in refusing to award her a portion of the husband's retirement benefits; and in not equitably dividing her credit-card debt. The wife also contends that the trial court erred in failing to award her an arrearage of $4,500 for unpaid child support that had been ordered as part of the August 2002 temporary order. At the April 2003 hearing, the wife, through counsel, stated the parties' agreement. The court was requested to decide two specific issues — the amount of any set-off the husband was entitled to against the property division as equity in the marital residence because of debts the wife had incurred and the length of time the husband would be given to pay the equity to the wife. Further, at the conclusion of the April 2003 hearing, the trial court specifically asked the parties if the wife's counsel had adequately stated the parties' agreement, and both the husband and the wife stated that it was their agreement. No postjudgment motions were filed.
The trial court's divorce judgment contained the parties' agreement. "[A] settlement agreement which is incorporated into a divorce [judgment] is in the nature of a contract." Smith v.Smith, 568 So.2d 838, 839 (Ala.Civ.App. 1990). Further, an agreement that is not ambiguous must be enforced as written.Jones v. Jones, 722 So.2d 768 (Ala.Civ.App. 1998).
Any unambiguous provision of a divorce judgment that incorporates a property settlement may be set aside or modified pursuant to a motion filed under Rule 59(e), Ala. R. Civ. P. Also, a divorce judgment that incorporates a settlement agreement can be set aside or modified by filing a motion pursuant to Rule 60(b), Ala. R. Civ. P. Here, the wife did not file either a Rule 59(e) or a Rule 60(b) motion with the *Page 1196 
trial court. Therefore, the parties' agreement was a binding settlement, and the wife has failed to demonstrate error in the trial court's division of the parties' estate.
Next, the wife contends that the trial court failed to comply with the Rule 32, Ala. R. Jud. Admin., child-support guidelines and that the trial court erred in awarding the husband the income-tax exemption for the children in even numbered years. Further, the wife contends and the husband agrees that the trial court deviated from the child-support guidelines by automatically reducing the husband's child-support obligation by one-third as each of the children reaches the age of majority.
This court has consistently held that when child support is made an issue on appeal and the record does not reflect compliance with Rule 32(E), Ala. R. Jud. Admin., this court must remand the case for compliance with the rule. Martin v. Martin,637 So.2d 901, 903 (Ala.Civ.App. 1994). This court has further stated regarding child support that:
 "Compliance with Rule 32(E) is mandatory, even though the trial court may find that the application of the guidelines would be unjust or inequitable. When the court determines that application of the guidelines would be manifestly unjust or inequitable, and then deviates from the guidelines in setting a support obligation, the court must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin. When Rule 32(E) has not been complied with and child support is made an issue on appeal, this court may reverse the judgment of the trial court and remand the case for further proceedings in compliance with Rule 32."
Thomas v. Norman, 766 So.2d 857, 859 (Ala.Civ.App. 2000) (citations omitted).
Both parties filed a CS-42 "Child Support Guidelines" form, but the husband's gross income differed on those forms, and neither the husband nor the wife filed a CS-41 "Child Support Obligation Income Statement/Affidavit" form as required by Rule 32. Therefore, we must reverse the judgment as to this issue and remand the case for the trial court to secure CS-41 forms from the husband and the wife and for it to complete a CS-42 form in order to comply with the requirements set out in Rule 32(E).
The trial court also deviated from the child-support guidelines by allowing the husband, on alternating years, to take income-tax exemptions for the children. The Comment to Rule 32 states: "The Schedule of Basic Child Support Obligations assumes that the custodial parent will take the federal and state income tax exemptions for the children in his or her custody." An order allowing the noncustodial parent to claim the exemption is a deviation from the established guidelines and requires the trial court to state its reasons for that deviation. See Flanagan v.Flanagan, 656 So.2d 1228 (Ala.Civ.App. 1995). The judgment as to this issue is reversed, and the case is remanded for the trial court to give its reasons for the deviation in allowing the husband the tax exemptions for the children on alternating years.
The wife's final argument on appeal asserts that the trial court erred in reserving the right to review custody should either party move more that 30 miles from the city in which they currently reside. The wife argues that this provision amounts to an "implied threat of a change in custody should [she], the physical custodian, move back to the parties' home state of Wisconsin." The wife cites Hovater v. Hovater, 577 So.2d 461
(Ala.Civ.App. 1990), and argues that this amounts to a custodial *Page 1197 
reversionary clause and that such clauses are disfavored by the courts. However, the trial court's order does not contain any reversionary language, the provision merely states the right of either party regarding modification. In order for a change in custody to occur, the noncustodial parent still must show that a change in circumstances had occurred that would materially promote the children's best interest and that the benefit in changing custody outweighs the disruption of uprooting the children. See Korn v. Korn, 867 So.2d 338 (Ala.Civ.App. 2003). We find no abuse of discretion in the trial court's inclusion of this provision.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY and MURDOCK, JJ., concur in the result, without writing.
[1] The wife has one child from a previous marriage.