PITTMAN, Judge.
In December 2007, the State of Alabama, on the relation of A.M.B. (“the mother”), the mother of a minor child, B.R.S. (“the child”), brought a civil action in the Fayette Juvenile Court against the alleged father of the child, J.M.S. (“the father”); the complaint alleged that the mother had received public assistance toward the support of the child from the Alabama Department of Human Resources and sought, among other things, a judgment declaring the father’s paternity of the child and directing him to pay child support. The father filed an answer and counterclaim in which the father sought, among other things, to “be allowed to claim the ... child for income tax purposes” as a dependent.
The juvenile court entered orders in January 2008 determining the father’s paternity of the child, awarding the mother primary physical custody of the child subject to the father’s visitation rights, and directing the father to pay child support in the amount of $283 per month pursuant to the provisions of Rule 32, Ala. R. Jud. Admin.; however, the juvenile court did not determine the income-tax-deduction issue until April 2, 2008, after having held a hearing on that issue. In its April 2, 2008, order, the juvenile court, without stating reasons therefor, directed that the mother claim the dependency exemption as to the child in odd-numbered years and that the father claim that exemption in even-numbered years for the purposes of both state *1222 and federal income taxation. After the denial of her postjudgment motion challenging the correctness of the allocation of the dependency exemption, the mother timely appealed.
On appeal, the mother renews her contention that the partial award of the dependency exemption to the father represents a deviation from the guidelines set forth in Rule 32, Ala. R. Jud. Admin. The mother’s contention is well taken. Numerous cases decided by this court stand for the proposition that, under the Rule 32 child-support guidelines, the primary custodial parent is ordinarily the proper party to be allocated income-tax dependency exemptions as to that parent’s minor children, although a trial court has discretion to deviate from those guidelines and effect a different allocation if that court enters a written finding, supported by the evidence, that the application of the guidelines would be unjust or inequitable (see Rule 32(A)(i) and (ii), Ala. R. Jud. Admin.). Among those cases are: Langley v. Langley, 895 So.2d 971, 975 (Ala.Civ.App.2004); Hallum v. Hallum, 893 So.2d 1192, 1196 (Ala.Civ.App.2004); Walls v. Walls, 860 So.2d 352, 359 (Ala.Civ.App.2003); DeYoung v. DeYoung, 853 So.2d 967, 971 (Ala.Civ.App.2002); Fountain v. Fountain, 829 So.2d 763, 766-67 (Ala.Civ.App.2002); K.H.L. v. K.G.M., 782 So.2d 804, 807 (Ala.Civ.App.2000); Stone v. McLaughlin, 752 So.2d 522, 524-25 (Ala.Civ.App.1999); Washington v. Washington, 738 So.2d 1283, 1284 (Ala.Civ.App.1999); K.T.W.P. v. D.R.W., 721 So.2d 699, 703 (Ala.Civ.App.1998); and Flanagan v. Flanagan, 656 So.2d 1228, 1232 (Ala.Civ.App.1995).
The most direct analogy is provided by K.H.L., in which a juvenile court determined the paternity of a child, awarded sole custody of that child to that child’s mother, and directed that child’s father to pay child support; that court later amended its judgment to allow “each parent to claim the child as a dependent for income tax purposes in alternating years,” as was ordered in this case. 782 So.2d at 806. In reversing that aspect of the judgment under review, we stated:
“This court has consistently held that the allocation of the dependency exemption is a matter within the discretion of the trial court. Flanagan v. Flanagan, 656 So.2d 1228 (Ala.Civ.App.1995). However, the Comment to Rule 32, under the heading ‘Tax Exemptions’ states, ‘The Schedule of Basic Child Support Obligations assumes that the custodial parent will take the federal and state income tax exemptions for the children in his or her custody.’ Therefore, we instruct the court to enter a statement explaining its deviation from the guidelines in awarding the father the tax-dependency exemption in alternating years. Flanagan, supra.”
782 So.2d at 807.
Based upon the foregoing authorities, we reverse the judgment of the juvenile court in this case and remand the case to the juvenile court for that court to either (1) “enter a statement explaining its deviation from the guidelines in awarding the father the tax-dependency exemption in alternating years” (K.H.L., 782 So.2d at 807) or (2) amend its judgment to fully conform to the guidelines by awarding the dependency exemption to the mother as the primary custodial parent (see Walls, 860 So.2d at 359).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.