PITTMAN, Judge.
Richard McClanahan (“the former husband”) appeals from a judgment of the Franklin Circuit Court finding him to be in contempt of a provision of a 2003 judgment of that court that divorced him from Elizabeth McClanahan (“the former wife”), which provision had directed the former husband to pay the former wife $30,000 within 90 days. Because we conclude that the contempt judgment erroneously deter *1240 mined the postjudgment interest owed by the former husband, we reverse and remand.
The parties were divorced by the trial court in a judgment of divorce entered on April 10, 2003.[1] That judgment provided, among other things, that the former husband was to pay the former wife $30,000 within 90 days of the date of that judgment and that the former wife was to convey to the former husband all of her interests in a particular parcel of real property via a quitclaim deed. In June 2010, the former wife filed an action seeking contempt sanctions, alleging that the former husband had not paid $24,365.76 of the amount he had been required to pay under the divorce judgment, and she sought a judgment for that amount, interest, and attorney fees. The former husband subsequently asserted a counterclaim for contempt sanctions against the former wife, asserting that the former wife had failed to comply with the quitclaim-deed requirement in the divorce judgment.
After an ore tenus proceeding, during which an evidentiary exhibit outlining the former wife’s interest calculations (which included annually compounded interest on unpaid portions of the $30,000 principal amount) was admitted into evidence over the objection of counsel for the former husband, the trial court entered a judgment in March 2011 granting relief to the former wife and denying relief to the former husband on his counterclaim. As to the former wife’s claim, the trial court noted that funds of $5,634.24 had previously been obtained by the former wife through garnishment and that post-judgment interest at a rate of 12 percent had been accruing on the judgment; the judgment, after referring to the garnishment and the applicable rate of interest, contained the following pertinent provision: “The Court finds that as of April, 2011, the judgment will be in the amount of $68,628.47 after interest is added in.” No costs, damages, or attorney fees were awarded to either party. The former husband filed a postjudgment motion directed to the trial court’s ruling on his counterclaim; the trial court thereafter allowed the former husband a $3,000 offset against the moneys he had been declared in the contempt judgment to owe the former wife so as to account for damages flowing from the former wife’s having failed to comply with the quitclaim-deed provision of the divorce judgment.
The former husband, on appeal, raises one issue: whether the trial court erred in determining the amount of interest accruing on the former husband’s monetary obligation set forth in the April 2003 divorce judgment. Among other things, he contends that, under the postjudgment-inter-est provisions of Ala.Code 1975, § 8-8-10, that were in effect at the time of the divorce judgment, only simple interest at 12 percent, not compound interest, accrued upon the $30,000 amount payable under the April 2003 divorce judgment. The legal principle invoked by the former husband is correct, as we noted in Campbell v. Campbell, 827 So.2d 111 (Ala.Civ.App.2002), which was decided when the 12-percent-interest provision was in effect: “While Alabama law does permit the assessment of 12 percent interest on unpaid judgments ..., it does not permit the assessment of compound interest on judgments.” 827 So.2d at 115 (footnote omit *1241 ted; citing Burlington N.R.R. v. Whitt, 611 So.2d 219, 223-24 (Ala.1992)).
The former wife, in her appellate brief, posits that the former husband’s challenge to the trial court’s calculation of principal and interest comes too late, asserting that the former husband has “presented evidence” concerning the proper amounts “[fjor the first time on appeal.” Properly read, however, the former husband’s brief does not “present evidence” of any kind; rather, it challenges the trial court’s ratification of the former wife’s interest calculations contained in her exhibit. Further, to the extent that the former wife invokes a claim of waiver of legal error on appeal, we note that because the trial court made an express finding that the former husband would, as of April 2011, owe the former wife $68,628.47 “after interest is added in,” the former husband was not required, under Rule 52(b), Ala. R. Civ. P., to challenge that finding in a post-judgment motion in order to preserve for appellate review the issue of the sufficiency of the trial evidence as to that finding. See also Hollen v. Conley, 840 So.2d 921, 924 n. 4 (Ala.Civ.App.2002) (“[T]he trial court’s award of $23,521.32, including interest, is a factual finding that the calculation of the [child-support] arrearage and interest is correct. Accordingly, the father was not required to raise the issue in a postjudgment motion to preserve the issue for our review.”).
The former wife next contends that any error in calculating the principal and interest owed by the former husband was harmless because, she says, the trial court had the discretion, in finding the former husband in contempt, to award attorney fees, costs, and other appropriate damages to her in addition to principal and interest. Although we have no quarrel with the general principle that such additional relief may properly be granted, the trial court’s judgment indicates no intent to award such ancillary relief. Rather, the trial court expressly characterized its $68,628.47 judgment as representing the principal amount of the former husband’s remaining monetary obligations under the April 2003 divorce judgment plus added interest, thereby negating any inference that might have otherwise arisen that that court might have intended any amounts declared to be owed by the former husband in excess of the remaining principal and simple interest to constitute an award of damages, costs, or fees. Further, by acknowledging the trial court’s discretion in this regard, the former wife necessarily concedes the point that the trial court had no obligation to award such ancillary relief, and we may not properly affirm the trial court’s judgment calculating the former husband’s monetary obligation based upon what it might have elected to award in a proper case.
Because the trial court’s calculation of the former husband’s monetary obligation in its contempt judgment necessarily impermissibly included compound interest, that judgment was erroneous. We, therefore, reverse that judgment and direct the trial court to recalculate the former husband’s monetary obligation based upon simple interest rather than compound interest and to render a judgment on that basis. Our reversal should not, however, be interpreted as accepting as valid the specific principal and interest figures presented by the former husband in his appellate brief, which implicitly reflect a position, one not supported by citations to legal authority in the former husband’s brief, that the $3,000 offset allowed by the trial court respecting the former wife’s failure to execute and deliver a quitclaim deed amounts to a “payment” that should be retroactively applied to the outstanding principal amount owed by the *1242 former husband instead of prospectively applied as a credit to the former husband’s total monetary obligation.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. That judgment was affirmed by this court without an opinion, and the former husband's petition for certiorari review of our affir-mance was subsequently denied. McClana-han v. McClanahan (No. 2020993, April 30, 2004), 915 So.2d 1183 (Ala.Civ.App.) (table), cert. denied (No. 1031254, August 13, 2004), 920 So.2d 1139 (Ala.2004) (table).