This is a divorce case.
The parties to this appeal were divorced June 16, 1976 by a decree which incorporated a separation agreement. A portion of their agreement provided that Frederick Williams Smith would pay for the cost of educating Dr. Anne B. Wouters's two children whom he had adopted during the course of their marriage and that such support was to continue past the date of their attaining the age of majority. The provision in question reads:
 "College or university undergraduate and postgraduate education is to be provided for Erich W. Smith (now seventeen years of age) and Benjamin C. Smith (now fourteen years of age) at a college or university of the choice of the child. Defendant will pay to plaintiff the sum of $200.00 per child per month, commencing June 1, 1976, until (a) the child completes his undergraduate and postgraduate education, (b) voluntarily terminates his education, or (c) reaches twenty-six years of age, whichever event sooner occurs. In addition, defendant will pay one half of the tuition cost for each child at the college or university which the child attends. The term `education' includes the following:
 "(i) School books, texts, and educational materials of all types; and
 "(ii) Tuition, including the cost of teaching the child, and uniforms appropriate to the school, assuming the child attends a college or university where such uniforms are required to be worn."
On July 12, 1982 Dr. Smith filed a petition for modification and request for declaratory judgment in which he sought a termination of child support for Erich Smith, who had been married on June 19, 1982. He also requested to be relieved of paying the cost of two preparatory courses which had been taken by Erich Smith and Benjamin Smith in their efforts to attend medical school. In response thereto, Dr. Wouters entered a general denial and filed a counter-petition for an increase in child support and attorney's fees.
From the stipulation of facts before it, the trial court found that Erich Smith was twenty-three years of age and presently enrolled in the University of Alabama Medical College in Birmingham and that Benjamin Smith was twenty-one years old and was engaged in the process of applying to medical school. The court further found that Erich Smith had married on June 19, 1982 and that his wife was self-supporting. On the basis of this fact, the court concluded that Erich Smith had been emancipated by his marriage and that this was a sufficient showing of changed circumstances to terminate child support for him. It was *Page 1288 
further ordered that Dr. Smith's duty to support Erich Smith ended retroactively on the date of the child's marriage. The court rejected the contention that Dr. Smith was obligated to pay the cost of the preparatory courses for the medical school entrance examinations and denied Dr. Wouters's claim that child support should be increased. Attorney's fees were also denied for Dr. Wouters. From this decision of the trial court, Dr. Wouters has appealed to this court.
The first issue raised by Dr. Wouters in her brief and in argument is whether the agreement which was incorporated into the divorce decree and relates to child support and educational expenses for two children past majority can be modified. She takes the position that such an agreed decree ordinarily can be modified but that the facts in the instant case do not support a modification of the child support decree. Dr. Wouters points out that the agreement in question provided support for her two sons after they reached majority until one of three contingencies occurred. The contingencies were completing of undergraduate and postgraduate education by the children, voluntary termination of their education, or attainment of age twenty-six. She says that marriage of one or both of her children was not a contingency agreed upon that would terminate child support. She further says that had the parties wanted to make marriage by a child a contingency for termination of support, such a provision could have been placed in the agreement.
In essence, Dr. Wouters is contending that modification of an agreed support decree is limited to the terms and conditions of the decree. Hence, in the absence of a provision authorizing termination of child support for marriage, the decree cannot be modified.
In response Dr. Smith says that the marriage of Erich Smith constituted a change in circumstances which supports the trial court's determination that child support payments in his behalf should be terminated. He relies on a line of cases which holds that the marriage of a minor child results in the emancipation of that child and also provides a supporting parent with grounds to seek a modification of a divorce decree under which he has been ordered to pay support. See Morgan v. Morgan,275 Ala. 461, 156 So.2d 147 (1963); Owens v. Owens, 412 So.2d 820
(Ala.Civ.App. 1982); Oakes v. Cummings, 47 Ala. App. 327,253 So.2d 784 (Ala.Civ.App. 1971). The father argues that the rationale of these cases is equally as compelling in this instance in which he is obligated to pay under a support agreement as it is in those instances in which a father is ordered by the court to provide support.
Prior decisions of this court have held that a support agreement under which one parent is obligated to pay child support beyond the age of majority is enforceable. These cases have made it clear that, while a court may not order a parent to pay support beyond the age of a child's majority, the parties, themselves, may agree to do so. Scott v. Scott,401 So.2d 92 (Ala.Civ.App. 1981); Ralls v. Ralls, 383 So.2d 857
(Ala.Civ.App. 1980). We said in Ralls v. Ralls, supra, that:
 "[T]he parties are bound by the provisions of their agreement which are incorporated into the judgment until those provisions are modified by a court of competent jurisdiction. . . .
 "Where one of the parties seeks to modify a judgment fixing child support payments in accordance with an agreement, there will be no modification except for clear and sufficient reasons. Hutton v. Hutton, [284 Ala. 91, 222 So.2d 348 (1969)]."
Bearing these principles in mind, our task in reviewing the record before us must center on an examination of whether Dr. Smith met his burden of proving changed circumstances since the date of the rendition of the divorce decree. The trial court concluded that he had met his burden of proof by showing that his son had married and the son's wife was self-supporting. However, we find that, within the terms and conditions set up by the parties in their divorce agreement, the marriage of Erich Smith *Page 1289 
was not a sufficient showing of changed circumstances to warrant a modification.
As we have stated, Dr. Smith premises his argument in support of the trial court's determination to eliminate child support and educational expense payments in behalf of Erich Smith on the date of the child's marriage on the proposition that marriage leads to a conclusion that a minor child has become emancipated. See Morgan v. Morgan, supra; Owens v. Owens,supra; Oakes v. Cummings, supra. We concede that marriage can result in the emancipation of a minor, but the agreement in the instant case obligates the father to pay child support until one of three contingencies occurs. In fact, the son was already "emancipated" prior to marriage, i.e., he was over nineteen years of age. These contingencies which were agreed to by the parties require that child support and educational expense payments continue until the two children complete their education, including undergraduate and postgraduate studies, voluntarily terminate it, or reach the age of twenty-six. Even though the parties were free to bargain with one another, their agreement contains no language which would lead to a conclusion that they intended support payments to cease upon the marriage of one of the children.
Since such a contingency is notably absent from the separation agreement, we cannot say that the parties intended for the marriage of Erich Smith to lead to a determination that child support payments should be terminated. Indeed, other facts on the record before us militate against the conclusion that Dr. Smith has met his burden of showing changed circumstances. The trial court found that neither of the two children had attained the age of twenty-six and that both of them were satisfactorily progressing towards completing their education in their chosen field of medicine. At the time of the trial court's order, Erich was enrolled in medical school in Birmingham, and Benjamin was in the process of applying to begin his medical studies. The trial court found that both children had compiled outstanding academic records and that they showed exceptional promise. Moreover, there is no evidence on the record to show that Dr. Smith's ability to pay has been diminished. Since none of the three contingencies in the separation agreement had occurred and since none of those factors which traditionally lead to a finding of changed circumstances is present on the record before us, we find that the trial court erred to reversal in determining that Dr. Smith met his burden of proving changed circumstances.
Dr. Wouters next argues that the trial court erred in determining that Dr. Smith was not liable to pay the cost of two "Kaplan" preparatory courses. She claims that such courses fall under the category of "school books, texts, and educational materials of all types." We note, however, that such courses are aimed at preparation for medical school entrance examinations. Their purpose is a review, and they are not aimed at furthering the student's education. Thus, it was not error for the trial court to determine that Dr. Smith was not liable for them as a part of educational expenses.
Finally, Dr. Wouters urges us to find that the trial court erred in refusing to grant her attorney's fees. An award of attorney's fees in connection with a divorce action rests largely within the trial court's discretion, and its decision will not be disturbed, especially where the evidence, as in the instant case, supports the decision not to award attorney's fees. Green v. Green, 380 So.2d 884 (Ala.Civ.App. 1980).
For the foregoing reasons the judgment of the trial court in that aspect finding that the marriage of Erich Smith was grounds for modification of the parties' support agreement is reversed and the cause remanded for entry of judgment consistent with this opinion. The judgment of the court as to the "Kaplan" preparatory course and its refusal to grant attorney's fees to Dr. Wouters are affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1290