This is a child support case.
The parties were divorced in August 1983 in the Circuit Court of Houston County, Alabama. The mother was awarded custody of the parties' minor son, Derek, and the father was ordered to pay $200 per month child support. The father subsequently went into arrears on the required support payments. On February 4, 1986 the parties entered into a postdivorce agreement, which was ratified by the trial court. The agreement temporarily decreased the father's monthly child support obligation to $100 and settled the amount of arrearage due at that time. The agreement also stated that the father would *Page 685 
contribute a "reasonable" sum toward the child's support after he entered college. On May 24, 1990 the mother filed a complaint requesting the trial court to determine what "reasonable" amount the father would be required to pay toward the child's educational expenses. The mother also asked the court to assess arrearage for the son's past college expenses. After an ore tenus proceeding on September 4, 1990, the trial court entered an order setting the father's support obligation at $850 per month. The trial court made no finding concerning arrearage for past expenses. The father then filed a motion for new trial or, in the alternative, for a judgment notwithstanding the verdict or, in the alternative, a motion to reconsider. The motions were denied on October 2, 1990. The father appeals.
We note at the outset that after an ore tenus proceeding the trial court's judgment is presumed correct and will be set aside only when it is found to be plainly and palpably wrong.Euler v. Euler, 515 So.2d 710 (Ala.Civ.App. 1987).
The father first contends that the trial court erred by failing to apply the child support guidelines in determining the amount the father must contribute to the son's college expenses.
The child support guidelines set out in Rule 32 of the Alabama Rules of Judicial Administration were created to equitably determine the amount of support due a minor child. However, these guidelines have not been utilized to determine the support of children past the age of majority. In Thrasherv. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990), we expressly stated that "the child support guidelines for a minor child are not applicable to the determination of an amount for providing or contributing to college expenses after the child reaches majority." Consequently, we find no error in the trial court's failure to apply the guidelines in this case.
The father next argues that the trial court erred by requiring him to pay more than a reasonable amount of the son's monthly college expenses, as required by the parties' agreement.
We recognize that an agreement incorporated into the divorce decree which provides for support and educational expenses to be paid by one of the parents after the child reaches majority is enforceable by the trial court. See Scott v. Scott,401 So.2d 92 (Ala.Civ.App. 1981). Here, the postdivorce agreement of the parties contains the following provision:
 "5. At such time as Derek E. Yarbrough becomes a student in an accredited institution of higher learning . . . Ricky agrees to pay a sum reasonable for the support of a college student (taking into consideration the costs at the time of tuition, room, board, clothing and transportation) from that time forward until Derek's graduation from an accredited institution of higher learning, so long as Derek remains a student in good standing."
The record reveals that Derek enrolled in Wallace State Junior College in 1988, then transferred to Auburn University in 1990. Derek has remained a student in good standing throughout this time. To date, the father has not contributed to the son's tuition, books, or other college expenses. The record shows that these expenses, including a car payment, total over $1,000 per month. Moreover, the father has paid only $100 per month in regular child support. Under the agreement, the father's regular monthly child support payment was reduced from $200 to $100 only for the time that the father himself was attending college. The father attended college for only three months, but never resumed paying $200. In light of these facts, we cannot say that the trial court erred to reversal in ordering the father to pay $850 per month in expenses for the remaining time that the son is in college.
At trial, the mother sought arrearage for the son's past college expenses, as well as for the extra $100 per month that the father was to resume paying after he terminated his education. The trial court did not make a finding concerning arrearage, and the mother raises this issue in her *Page 686 
appellee's brief. However, where an appellee seeks to enlarge her own rights under a judgment, the appellee must do so by filing a cross-appeal. McMillan, Ltd. v. Warrior Drilling Engineering Co., 512 So.2d 14 (Ala. 1986). The mother, however, did not file a cross-appeal on the issue she raises; thus we are precluded from addressing it here.
The mother's request for attorney's fees on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.