L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in the state of Florida in 1987. The father was awarded custody of the two minor children. The mother’s visitation rights were restricted by the Florida court in August 1989. The father filed a motion in the Circuit Court of Mobile County, requesting the court to adopt the restrictive visitation rights imposed by the Florida court. The circuit court adopted the Florida order in January 1990.
*5 The mother filed a motion in April 1991, alleging that she was being denied her visitation rights. The father filed a motion in response and requested that the mother’s parental rights be terminated. A hearing was held in October 1991. Following the hearing, the trial court denied the father’s termination petition and made the following order concerning the mother’s visitation:
“3. The [mother] is directed to attend psychotherapy; and upon her responding in a positive manner to the above therapy and upon a written report from the psychologist or psychiatrist, then the court shall consider some type of supervised visitation.”
In February 1992, the mother filed a motion with the trial court, requesting that a hearing be held and that her visitation rights be reinstated. The trial court summarily denied the motion. The mother appeals, pro se, from the denial of the motion.
The mother asserts that the trial court erred in summarily denying her motion.
Matters concerning visitation rest within the discretion of the trial court, and will not be reversed by this court except for plain and palpable abuse of discretion. Fanning v. Fanning, 504 So.2d 737 (Ala.Civ.App.1987).
In its October 1991, order the trial court determined that it would not consider any form of visitation until the mother responded positively to psychotherapy. That positive response was to be forwarded to the trial court in a written report from her therapist. Four months after the trial court’s order, the mother filed a petition to have her visitation rights reinstated. Attached to the petition were “progress notes” written by a therapist. The “notes” reveal that the mother had visited with the therapist six times. The “notes” do not indicate the therapist’s position concerning the mother’s visitation rights.
We find no error in the trial court’s summary denial of the mother’s motion. We presume that the mother’s motion did not contain the requirements of the court in its judgment of October 1991, such as the number of visits the mother had with the therapist and the lack of evidence that the mother had positively responded to therapy. We consider that the mother’s motion was a continuation of the prior proceedings and was neither a Rule 59 nor a Rule 60(b), Alabama Rules of Civil Procedure, motion.
In his brief, the father asserts that the trial court erred in refusing to terminate the mother’s parental rights following the October 1991 hearing. The father did not properly file a cross appeal. We will, therefore, not address that question. Rule 3(a) and 4(a)(2), Alabama Rules of Appellate Procedure; Yarbrough v. Motley, 579 So.2d 684 (Ala.Civ.App.1991).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions .of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.