ROBERTSON, Presiding Judge.
Sidney H. Wright III and Pattie W. Alexander were divorced on March 18, 1981. The divorce decree provided that the father would pay $200 per month for the support of the parties’ minor daughter; that the father would deposit $400 per year into a college savings account (college fund) for the daughter; and that the father would pay one-half of all medical expenses of the daughter.
On October 2, 1991, the mother filed a petition to modify, alleging a material change in circumstances in that the daughter, now 17 years old, had skipped the 12th grade and entered Judson College as a freshman. The petition also alleged that the mother had not been notified about the college fund savings account, and that medical expenses for the daughter in the amount of $1,827.36 had not been paid by the father.
Following an ore tenus proceeding, the trial court entered an order on January 13, 1992, which found that the father had contemptuously failed to make payments to the college fund on a regular monthly basis as previously ordered. Also, the trial court ordered the father to file an account history, within 14 days of the order, on all accounts he maintained in compliance with the provisions of the divorce decree relating to the college fund. Further, the father was found in contempt for not paying one-half of his daughter’s medical bills and was ordered to pay $1,213.68.
The trial court entered a final judgment on February 10, 1992, and found that the total amount that should be available in the college fund should not be less than $5,040.70. The trial court noted that an account history submitted by the father showed that the total balance was $4,720.90. The trial court found a deficiency of $319.80 and ordered the father to pay this amount plus interest.
The trial court denied the mother’s request for an increase in child support. With regard to the daughter’s college expenses, the trial court ordered the father to pay $2,300 to the mother from the college fund. This $2,300 represented one-half of the daughter’s already incurred college expenses. The trial court further ordered the father to pay one-half of the daughter’s expenses to attend Troy State University. The father appeals.
The sole issue the father argues on appeal is whether the trial court erred in ordering the father to pay one-half of his daughter’s college expenses which were incurred for the one semester she attended Judson College.
The mother testified that the daughter, now 18 years old, decided to forgo her senior year of high school and enter an early admission program at Judson. The daughter had been recruited by Judson because she rode English horseback, and Jud *277 son had an equestrian program. The mother also testified that she paid $4,344.88 for the daughter’s first semester at Judson and that this sum included the cost of tuition, books, room, and board. The mother further testified that the daughter withdrew from Judson after one semester because it was too expensive, and that she enrolled in Troy State University in Do-than, Alabama, at which the cost of the daughter’s tuition and books for one semester was $607.07.
The father testified that he was financially unable to pay one-half of his daughter’s tuition which was incurred at Judson since his monthly bills are approximately $1,500 per month, and he earns about $1,200 per month. The father testified that he is an attorney; that he has been practicing law for a little over a year; and that he works out of his home in Dothan. The father also testified that he presently has a $20,000 debt to the Internal Revenue Service for which he pays $300 per month.
The only authority the father cites in support of his contention that he should not have to pay one-half of the costs of sending his daughter to Judson for the one semester from the college fund is Ex parte Bayliss, 550 So.2d 986 (Ala.1989). We find Bayliss to be inapplicable in this fact situation and as to issue presented to this court.
Following an ore tenus proceeding, the trial court’s judgment is presumed correct and will be set aside only if it is found to be plainly and palpably wrong. Yarbrough v. Motley, 579 So.2d 684 (Ala.Civ.App.1991). We cannot hold in this case that the trial court’s judgment, ordering the father to pay one-half of the daughter’s already incurred college expenses from the college fund, is plainly and palpably wrong. Accordingly, the decision of the trial court is due to be affirmed.
The mother’s request for an attorney fee on appeal is granted in the amount of $500.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.