This is a postminority child support case.
The parties were divorced on July 27, 1977. They had one child, born January 13, 1977. The divorce judgment granted custody of the child to the mother and ordered the *Page 339 
father to pay child support. On November 9, 1995, when the child was 18 years old, the parties executed an agreement that provided that the father would pay $200 per month as postminority support until the child graduated from college or until his 23rd birthday, whichever occurred first. The child attained the age of 19 on January 13, 1996. On February 1, 1996, the parties filed a joint petition to modify their divorce judgment by incorporating their agreement regarding postminority support. The trial court entered an order on February 9, 1996, that modified the divorce judgment by requiring the father to contribute to the child's postminority education as provided in the agreement.
On March 8, 1996, the father moved to vacate the order modifying the original divorce judgment, asserting that the trial court had lacked jurisdiction to make such an order because the parties had not petitioned for the modification during the child's minority. After hearing oral arguments on the motion, the trial court granted the motion to vacate and reinstated the original divorce judgment. The mother appeals.
The mother argues that the failure to file the petition during the child's minority should not defeat the agreement of the parties. We note that the petition was denominated a "Joint Petition for Modification," that it stated that the mother and the father requested the trial court to take jurisdiction of the case and order postminority support, and that it was signed by both the mother and the father.
The father correctly asserts that, in order for the trial court to have jurisdiction to order postminority support for a college education, the application for such support must be made before the child attains majority. Ex parte Bayliss,550 So.2d 986 (Ala. 1989); Ex parte Barnard, 581 So.2d 489 (Ala. 1991); Eastis v. Bredehoft, 599 So.2d 53 (Ala.Civ.App. 1992). However, this case differs from those cited because this case involves an agreement executed by the parties, in which the father had agreed to pay the requested postminority support.
 "Agreements reached in divorce actions are as binding on the parties as any other contract. Porter [v. Porter, 441 So.2d 921 (Ala.Civ.App. 1983)]. A trial court has the discretionary authority to permit a party to repudiate its agreement for good cause shown. Porter. Good cause includes 'fraud, collusion, accident, surprise or some other ground of this nature.' Borders v. Borders, 597 So.2d 1373 (Ala.Civ.App. 1992)."
Culver v. Culver, 651 So.2d 21, 23 (Ala.Civ.App. 1994).
Trial courts were not considered to have the authority to order postminority support on the petition of a party until the decision in Ex parte Bayliss, supra. However, it has long been recognized that parties may agree between themselves to pay support beyond a child's minority, and that such agreements are enforceable. Smith v. Smith, 439 So.2d 1286 (Ala.Civ.App. 1983); Yarbrough v. Motley, 579 So.2d 684 (Ala.Civ.App. 1991). Despite the father's assertion that Bayliss
unconditionally requires the filing of a petition prior to the child's majority, and, therefore, precluded the trial court from properly ordering postminority support in this case, we see no logical reason for extending that rule to the situation in which a prior agreement between the parties is sought to be enforced. Nor do we believe that such an agreement, voluntarily entered into by the father, may be legally enforced only when filed with a court before the child's majority. Therefore, we hold that, in the narrow exception of the facts presented, the trial court had the jurisdiction to order the father to pay postminority support in compliance with the parties' agreement.
Many cases have addressed the issue of whether such an agreement, once incorporated into a court's judgment, may be modified. This court has held:
 "[T]he parties are bound by the provisions of their agreement which are incorporated into the judgment until those provisions are modified by a court of competent jurisdiction. . . .
 "Where one of the parties seeks to modify a judgment fixing child support payments in accordance with an agreement, there will be no modification except for *Page 340 
clear and sufficient reasons. Hutton v. Hutton, [284 Ala. 91, 222 So.2d 348 (1969)]."
Smith, supra, at 1288 (citation omitted).
We recognize that "[a]n agreement between parents fixing child support becomes merged into the divorce decree and thereby loses its contractual nature, at least to the extent that a court of equity has the power to modify the decree when changed conditions so justify." Ezell v. Ezell, 486 So.2d 446,447 (Ala.Civ.App. 1986). Therefore, while a trial court has the discretion to modify such an agreement, its discretion is limited to situations where the circumstances have changed in such a way as to warrant a modification. Id. See also Smith,supra, at 1289.
The father did not present any evidence showing the changed conditions necessary to modify the order of postminority support. Instead, he argued only that the trial court lacked jurisdiction to order the support, based on the timing of the filing of the petition. Indeed, it is improbable that circumstances had changed since the time of the modification, just four weeks before the father filed the motion to vacate. Because we hold that the trial court properly ordered the father to pay support in accordance with his agreement, we additionally hold that, because the father did not prove that there were any changed conditions warranting modification of the agreement, the trial court erred in vacating the order.
The order of the trial court vacating the order modifying the divorce judgment is reversed and the cause is remanded for entry of a judgment consistent with this opinion. The father's request for an attorney fee for this appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.