Kenneth Manring and Sara Nell Manring were divorced by a judgment of the Coffee County Circuit Court on July 28, 1995. Three children had been born of the parties' marriage; one of those children had reached the age of majority before the entry of the divorce judgment. The divorce judgment awarded the wife custody of the two minor children and ordered the husband to pay child support, alimony, and the mortgage debt on the house in which the wife and children resided.
In May 1997, shortly before the parties' second child, Seth, reached the age of majority, the wife filed a motion seeking to have the husband held in contempt, alleging, in essence, that he had not cooperated in assisting her with necessary repairs to the marital home. In that motion, the wife also requested that child support be continued until the parties' youngest child graduates from college.
The husband filed a counterpetition seeking to have his child support reduced because Seth had reached the age of majority. The husband also sought to have his alimony obligation reduced. He also sought a determination of each parent's obligation to provide post-minority support for Seth.
The trial court conducted a hearing and received ore tenus evidence. On November 20, 1999, the trial court entered a judgment that, among other things, decreased the husband's child-support obligation to encompass only the parties' youngest child, continued the husband's alimony obligation, and ordered that the *Page 921 
husband pay postminority support for Seth. The husband filed a postjudgment motion; the trial court denied that motion. The husband appealed.
The husband argues that the trial court erred in ordering that he continue to pay alimony to the former wife. The decision whether to modify an alimony obligation is within the sound discretion of the trial court.Stinson v. Stinson, 729 So.2d 864 (Ala.Civ.App. 1998). The burden is on the party seeking the modification to establish that a material change in circumstances has occurred since the trial court's previous judgment.Glover v. Glover, 730 So.2d 218 (Ala.Civ.App. 1998). "Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs."Glover v. Glover, 730 So.2d at 220 (citing Stevens v. Stevens, 641 So.2d 825
(Ala.Civ.App. 1994)).
The record indicates that the parties were married for 22 years and that the wife did not work during the parties' marriage. The divorce judgment ordered the husband to pay $400 per month in alimony and also to pay the mortgage indebtedness on the marital home as part of his alimony obligation. The divorce judgment provided that the husband's alimony obligation would increase to $800 per month after the parties sold the marital residence. In its November 20, 1999, order, the trial court ordered that the marital home be sold. We note that both parties asked the court to order that the marital home be sold.
The husband's income for the year preceding the hearing was approximately $82,000 to $85,000; he testified that this was $10,000 to $15,000 less than he had earned the previous year. The husband testified that his new wife holds the title to the house in which he now lives. He testified regarding the child support he had paid; he presented no other evidence regarding his own expenses.
The wife still suffers some effects from a stroke she suffered before the parties divorced. She is employed and earns approximately $13,776 annually. The wife testified that her income does not cover all of her expenses. The wife testified that she had purchased a house shortly before the trial, because the marital residence was to be sold. She also testified that she is leasing a 1997 automobile for herself and that she has to pay higher health insurance premiums because she is no longer covered under the husband's insurance.
All three children live with the wife. The oldest child works. The middle child, Seth, works and attends junior college. The wife testified that those two children pay the majority of their own expenses and have had to contribute to pay for groceries and other necessities. The wife testified that her present standard of living is below that which she enjoyed while married to the husband. The husband testified that he believed that on her current earnings the wife could maintain the same standard of living she had enjoyed while she was married to him.
After reviewing the record, we cannot say that the husband has proven a material change of circumstances on the part of either party. The trial court did not abuse its discretion in refusing to reduce or eliminate the husband's alimony obligation.
The husband also argues that the trial court erred in failing to place certain restrictions upon his obligation to pay postminority support for Seth. Seth began attending a junior college in 1997. He works while attending college; he has sometimes been a full-time student and sometimes a part-time student. From his earnings, Seth pays for his automobile, insurance, gasoline, and college textbooks, and he contributes to the payment of his tuition.
Seth's college tuition is approximately $400 per semester, and the cost of his books varies from $35 to $80 per semester. *Page 922 
Seth testified that he wanted to obtain a four-year degree in physical therapy from the University of Alabama at Birmingham. Seth testified that he planned to continue to work part-time while attending college; he works full-time in the summer.
In its November 20, 1999, judgment, the trial court ordered the husband to pay 85% of the cost of Seth's books, tuition, and fees. It also ordered that the husband pay $150 per month to Seth to "help defray his costs of room and board." The court's order provided that the husband's first payment was to begin in December 1998 and was to continue for four years, "as long as [Seth] remains enrolled in college and maintains a passing average, or until [Seth] has obtained an undergraduate degree."
The husband does not argue that he should not be obligated to provide postminority support for Seth or that the obligation will constitute an undue hardship for him. Also, he does not argue that the trial court erred in requiring him to pay $150 per month to help offset Seth's living expenses. Instead, the husband argues that the trial court erred in failing to place temporal and academic restrictions on his obligation to pay postminority support. He also argues that the trial court erred in failing to make his postminority-support obligation retroactive to the date the request was filed. See Ullrich v. Ullrich, [Ms. 2971345, May 21, 1999]736 So.2d 639 (Ala.Civ.App. 1999). It is undisputed that the husband paid child support for Seth for one year after he reached the age of majority. The trial court could have determined that the husband had already met a portion of his postminority-support obligation in supporting Seth past the date he reached the age of majority.
This court has held that a trial court must set reasonable limitations on the parent's postminority-support obligation. "`These limitations include (1) limiting the support to a reasonable time period, (2) requiring the child to maintain at least a "C" average, and (3) requiring the child to be enrolled as a full-time student.'" Ullrich v. Ullrich, [Ms. 2971345, May 21, 1999] 736 So.2d 639, 643 (Ala.Civ.App. 1999) (quoting Bahri v.Bahri, 678 So.2d 1179, 1181 (Ala.Civ.App. 1996)).
The trial court's judgment placed a time limit on the husband's postminority-support obligation. See Kent v. Kent, 587 So.2d 409
(Ala.Civ.App. 1991) (on remand, the trial court was to enter an order setting forth "reasonable time limits for the son's completion of junior college, as well as for his attainment of a `four-year' college degree.") However, the trial court's November 20, 1999, judgment did not address the academic conditions Seth must meet in order to be entitled to postminority support. Therefore, we remand this case for the trial court to enter an order placing the appropriate restrictions on the husband's postminority-support obligation.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.