MOORE, Judge.
 

 Anthony Clint Godwin (“the father”) appeals from a judgment of the Conecuh Circuit Court (“the trial court”) awarding
 
 *647
 
 postminority support to Kimberly Davis (“the mother”) for two of the parties’ children.
 

 Procedural History
 

 According to the father, the parties were divorced in October 1992.
 
 [1]
 
 Three daughters were born of the parties’ marriage. The parties’ oldest child, C.G., was born on September 8, 1987, and the parties’ youngest child, A.C.G., was born on July 6, 1990. The parties’ middle child, who was married at the time of the hearing, is not the subject of this appeal.
 

 The father testified that the parties had agreed on a child-support payment of $475 per month for all three of the parties’ children, who were minors at the time the divorce agreement was entered by the parties, and that the divorce agreement stated that the father was to continue paying child support until the youngest child reached the age of majority. The father testified that he had not discussed modifying his child-support obligation with the mother when the oldest child reached the age of majority or when the parties’ middle child got married; he testified that, instead, he discontinued his child-support payments in July 2009, when the youngest child reached the age of majority, in accordance with the parties’ agreement.
 

 The mother testified, however, that, before the youngest child reached the age of majority, she and the father had had discussions about modifying the father’s child-support obligation. She stated that the father had said that he was going to pay only two-thirds of the child-support amount after their middle child got married but that he had eventually agreed to continue paying $475 after they discussed the matter; the father subsequently discontinued his support payments after July 2009.
 

 The mother filed a petition for a modification of child support in the trial court on May 29, 2009, requesting the trial court to continue the father’s obligation to pay $475 per month in child support until the youngest child completed her college degree. The father filed a motion to dismiss the mother’s petition on August 24, 2009, arguing, among other things, that the mother had failed to give notice that she was seeking postminority support for the oldest child before she reached the age of majority and that the youngest child had become emancipated one year before the filing of the father’s motion to dismiss because she had moved out of the mother’s home.
 

 On September 4, 2009, the father filed an answer to the mother’s petition, asserting, among other things, including those arguments asserted in his motion to dismiss, that his child-support obligation had ceased on July 6, 2009, when the youngest child had reached the age of majority, and that requiring the father to pay postminority support would create a substantial and undue hardship on the father and would be beyond the scope of the parties’ divorce agreement.
 

 The mother amended her petition for modification on September 15, 2009, to specifically request postminority support for the oldest child and the youngest child (hereinafter sometimes referred to collectively as “the children”). The father filed an answer to the mother’s amended petition on September 21, 2009. After a hearing on November 17, 2009, the trial court entered a judgment on December 8, 2009, which stated, in pertinent part:
 

 
 *648
 
 “IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the [father] shall pay to the [mother] the sum of $800.00 per month as retroactive post-minority support for the college education expenses of the parties’ children with the first such monthly payment being retroactively due from the month of August, 2009 through the month of December, 2009, for a retroactive amount due from the filing of the petition of $4,000.00, and,
 

 “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the [father] shall pay to the [mother] the sum of $800.00 per month as current post-minority support for the college education expenses of the parties’ children, with the first such current payment being due on or before the 1st day of January, 2010, and a like monthly payment shall be due each and every month thereafter, and,
 

 “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that such post-minority child support obligation of the [father] shall be conditioned upon the following requirements: (1) each child shall maintain a 2.0 average, (2) the post-minority obligation shall not exceed a 5 year period for each child, including the years that each child has already attended college and (4) each child shall be enrolled as a full time student and shall not discontinue enrollment for a period exceeding 1 semester without good cause, and,
 

 “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon graduation of either child, upon the expiration of the 5 year period for either child, and/or upon either minor child not fulfilling the requirements of this Order, the Court shall hold a hearing upon the request of either party to determine the extent of any remaining post-minority child support obligation.”
 

 (Capitalization in original.)
 

 The father filed a postjudgment motion on December 17, 2009; that motion was denied on December 21, 2009. The father filed his notice of appeal to this court on January 8, 2010.
 

 Facts
 

 At the outset of the trial, both parties agreed that the children have the ability and the desire to attend college. Both parties also agreed, via them attorneys, that they would have contributed to the children’s education if they had remained married.
 

 According to the mother, at the time of the trial, the oldest child was a full-time student at Auburn University and the youngest child was attending Southern Union State Community College. The mother testified that both children had received Pell grants and that the oldest child had also obtained student loans. The mother stated that the children resided together in Auburn in a mobile home that she had purchased for them and that she paid for the mobile home and other living expenses for the children, which amounted to approximately $1,897 per month, including automobile insurance, gas, food, and electricity, among other things. According to the mother, the oldest child’s boyfriend did not live in the mobile home with the children, but he had, at times, helped pay bills when money was tight. She stated that both children have vehicles and that neither of the children work.
 

 The mother testified that she did not file a petition seeking postminority support for the oldest child before she turned 19 because she thought the father’s support obligation continued until the children were out of college, but, she said, after she
 
 *649
 
 consulted her divorce papers, she realized she was incorrect.
 

 The mother testified that she works for the Department of Public Safety and that her earnings in 2008 were $32,690.90. The father testified that he works at Reed Logging and that his income varies; he reported income of $41,000 on his income-tax return in 2008, and, in 2009, he had earned approximately $81,000 as of November 10, 2009. The father stated that he had recently reenlisted with the National Guard, that he had earned a signing bonus of $7,500 that he would receive over the course of six years, and that he would be called to active duty in January 2010. According to the father, he would likely be paid $2,218.50 each month upon his deployment, in addition to a basic housing allowance. The father testified, however, that he did not know the exact amount of pay he would receive upon his deployment. He stated that his deployment would be for approximately one year but that it could be for longer. The father testified that he wanted the children to have a good education and that he could afford payments of $200 per month.
 

 Discussion
 

 The father first argues that the trial court erred by awarding postminority support for the oldest child because, he argues, an action for postminority support must be filed before the child attains the age of 19,
 
 see Newman v. Newman,
 
 667 So.2d 1362, 1367-68 (Ala.Civ.App.1994), and the oldest child had turned 19 well before the mother filed her petition for modification.
 

 The mother cites
 
 Jackson v. Nelson,
 
 686 So.2d 338 (Ala.Civ.App.1996), for the proposition that, when parents execute an agreement under which one parent agrees to pay postminority support, that support obligation may be enforced by a trial court although the request for the enforcement was not made until after the child had attained the age of majority. In
 
 Jackson,
 
 the parties executed an agreement when the parties’ child was 18 years old; that agreement provided that the father would pay $200 per month as postminority support. The parties filed a joint petition to modify their divorce judgment by incorporating that agreement. 686 So.2d at 339. The trial court entered a judgment modifying the divorce judgment by requiring the father to pay postminority support for the child as provided in the agreement; the parties’ joint petition and the trial court’s judgment were both filed after the child had reached the age of majority.
 
 Id.
 
 In determining that the parties’ agreement was enforceable despite the fact that the application for enforcement had been made after the child had reached the age of majority, this court stated:
 

 “Trial courts were not considered to have the authority to order postminority support on the petition of a party until the decision in
 
 Ex parte Bayliss,
 
 [550 So.2d 986 (Ala.1989) ]. However, it has long been recognized that parties may agree between themselves to pay support beyond a child’s minority, and that such agreements are enforceable.
 
 Smith v. Smith,
 
 439 So.2d 1286 (Ala.Civ.App.1983);
 
 Yarbrough v. Motley,
 
 579 So.2d 684 (Ala.Civ.App.1991). Despite the father’s assertion that
 
 Bayliss
 
 unconditionally requires the filing of a petition prior to the child’s majority, and, therefore, precluded the trial court from properly ordering postminority support in this case, we see no logical reason for extending that rule to the situation in which a prior
 
 agreement between the parties
 
 is sought to be enforced. Nor do we believe that such an agreement, voluntarily entered into by the father, may be legally enforced only when filed with a court before the child’s majority.
 
 *650
 
 Therefore, we hold that, in the narrow exception of the facts presented, the trial court had the jurisdiction to order the father to pay postminority support in compliance with the parties’ agreement.”
 

 686 So.2d at 339.
 

 In the present ease, the mother asserts that the father admitted that an agreement existed between the parties regarding postminority support for the children. The record reveals, however, that the father has maintained, both before the trial court and on appeal, that he believed that his support obligation ended upon the parties’ youngest child’s reaching the age of majority. The only agreement referenced by the father is that agreement incorporated into the parties’ divorce judgment, which includes no mention of postminority support. Moreover, the mother testified that she believed the parties’ agreement required the father to continue paying support in the amount of $475 until the children finished college, which was why she had failed to file a modification petition seeking postminority support for the oldest child, but that she had been incorrect in that belief.
 

 The mother testified that the father had informed her that he would pay only two-thirds of his child-support obligation upon their middle child’s getting married but that he had later agreed to continue to pay $475 a month. It is undisputed, however, that the father discontinued his child-support payments upon the youngest child’s attaining the age of 19. The parties’ divorce judgment, which incorporated the parties’ agreement, required the father to pay $475 per month for child support until the youngest child attained the age of majority. Thus, the father’s continued payment of that amount after the parties’ middle child got married did not amount to a new agreement between the parties because the father was required to continue paying that amount according to the terms of the parties’ divorce judgment. Unlike in
 
 Jackson,
 
 there is no evidence in the present case indicating that the father agreed to make payments that he was not required to make under the divorce judgment or that he made any such payments. Moreover, unlike in
 
 Jackson,
 
 the father did not voluntarily submit an agreement to pay postminority support to the trial court. We decline, therefore, to widen the narrow exception applied in
 
 Jackson
 
 to the facts of the present case. Because the mother’s modification petition was filed after the oldest child had reached the age of majority, we conclude, in accordance with
 
 Newman,
 
 667 So.2d at 1367-68, that the trial court erred in awarding postminority support for the oldest child.
 

 The father next argues that the trial court erred in awarding postminority support when the parties’ agreement, incorporated into the divorce judgment, stated that the father’s child-support obligation would terminate upon the youngest child’s reaching the age of majority. The father cites no authority, however, for his assertion that the failure to include an award of postminority support in a divorce agreement that is incorporated into a divorce judgment precludes later modification of that judgment by the trial court to award postminority support.
 
 See
 
 Rule 28(a)(10), Ala. R.App. P. Moreover, in
 
 Thompson v. Alexander,
 
 579 So.2d 665, 666-67 (Ala.Civ.App.1991), this court stated:
 

 “[A]n agreement between parents fixing child support becomes merged into the divorce decree and thereby loses its contractual nature, at least to the extent that a court of equity has the power to modify the decree when changed conditions so justify.
 
 Ezell v. Ezell,
 
 486 So.2d 446 (Ala.Civ.App.1986).
 
 See also Tucker
 
 
 *651
 

 v. Tucker,
 
 403 So.2d 262 (Ala.Civ.App.1981).”
 

 Because the trial court retained the power to modify the parties’ divorce judgment in response to the mother’s petition for post-minority support, we conclude that the father’s argument is without merit.
 

 The father asserts generally that the trial court’s judgment creates an undue hardship on him by requiring him to pay postminority support, that there is no viable relationship between him and his youngest child, and that the youngest child has not shown great aptitude for college. The father has failed, however, to support those assertions with any citation to facts or legal authority in compliance with Rule 28(a)(10).
 
 White Sands Group, L.L.C. v. PRS II, LLC,
 
 998 So.2d 1042, 1058 (Ala.2008) (“Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.”).
 

 The father argues that requiring him to pay postminority support “creates a disparity between the treatment of divorced parents and married parents,” which, he argues, “violates [his] constitutional rights and violates the bounds of the parenVchild relationship.” We note first that we are without the authority to overrule
 
 Ex parte Bayliss,
 
 550 So.2d 986 (Ala. 1989), as the father requests. Moreover, the father raises his constitutional challenge for the first time on appeal. “[A]n issue not raised at trial cannot be raised for the first time on appeal.”
 
 Bindley v. Bindley,
 
 531 So.2d 925, 926 (Ala.Civ.App.1988). We decline, therefore, to address the father’s assertions regarding the constitutionality of an award of postminority support.
 

 The father asserts also that postminority support in a family with married parents is usually “tied to acceptable behavior and passing grades” but that a divorced parent has no recourse to require his or her child to “comply with reasonable educational standards.” On the contrary, however, this court has stated:
 

 “Following
 
 Bayliss,
 
 this court has held that the trial court must set reasonable limitations on the parent’s responsibility for postminority education support, because a failure to do so may impose an undue hardship on the paying parent.
 
 See Manring v. Manring,
 
 744 So.2d 919, 922 (Ala.Civ.App.1999);
 
 Hocutt v. Hocutt,
 
 591 So.2d 881, 882 (Ala.Civ.App.1991);
 
 Kent v. Kent,
 
 587 So.2d 409, 412 (Ala.Civ.App.1991). These limitations include (1) limiting the support to a reasonable period, (2) requiring the child to maintain at least a ‘C’ average, and (3) requiring that the child be enrolled as a full-time student.
 
 Manring v. Manring,
 
 744 So.2d 919, 922 (Ala.Civ.App.1999);
 
 Ullrich v. Ullrich,
 
 736 So.2d 639, 643 (Ala.Civ.App.1999)(quoting
 
 Bahri v. Bahri,
 
 678 So.2d 1179, 1181 (Ala.Civ.App.1996)).”
 

 Penney v. Penney,
 
 785 So.2d 376, 379 (Ala. Civ.App.2000). Indeed, in the present case, the trial court imposed each of the above-quoted limitations in its judgment awarding postminority support.
 

 Conclusion
 

 We affirm the trial court’s award of postminority support for the youngest child. We reverse the trial court’s judgment insofar as it awarded postminority support for the oldest child, who had reached the age of majority before the mother filed her petition for postminority support, and we remand the cause to the trial court for it to recalculate the father’s postminority-support obligation for the youngest child only.
 

 
 *652
 
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Neither party submitted a copy of the parties' divorce judgment. It was undisputed, however, that that judgment incorporated an agreement of the parties; the terms of that agreement that are pertinent to this appeal are also undisputed, as discussed below.